**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KAHLEIF WHITFIELD, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| -*vs*- ) | Case No. 20-cv-02956 |
| ) | |
| THOMAS DART, Sheriff of Cook County, ) | Honorable Franklin U. Valderrama |
| and COOK COUNTY, ILLINOIS, ) | |
| ) | |
| *Defendants.* ) | |

**DEFENDANTS' MOTION TO REASSIGN *TODD V. DART*, 21-CV-2193, *REITINGER V. DART*, 21-CV-2331, *JOHNSON V. DART*, 21-CV-2468, AND *BONNER V. DART*, 21-CV-2474, AS RELATED UNDER LOCAL RULE 40.4**

Defendants, THOMAS DART, Sheriff of Cook County, and COOK COUNTY, ILLINOIS, by their attorney KIMBERLY M. FOXX, State's Attorney of Cook County, through her Special Assistant State's Attorneys, JOHNSON & BELL, LTD., hereby move this Honorable Court to reassign the related cases *Todd v. Dart*, 21-cv-2193, *Reitinger v. Dart*, 21-cv-2331, *Johnson v. Dart*, 21-cv-2468, and *Bonner v. Dart*, 21-cv-2474, to the calendar of this Court pursuant to Local Rule 40.4(c). In support of their motion, Defendants state as follows:

1. On May 19, 2020, Plaintiff Kahleif Whitfield filed his complaint in this case, which he amended on October 8, 2020. Plaintiff alleges that Defendant Dart has a widespread practice of restraining detainees in violation of the Fourteenth Amendment. (Am. Compl. ¶ 19, ECF No. 26.) Plaintiff joined Cook County under an indemnification theory pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.3d 947 (7th Cir. 2003).

2. On November 25, 2020, Defendants filed a motion to reassign twelve other cases that involve factually similar allegations to the present case, and which were filed by the same

counsel in the present case, Attorneys Thomas G. Morrissey and Patrick W. Morrissey. (Mot. to Reassign, ECF No. 29.)

3. On February 23, 2021, this Court granted Defendants' motion to reassign cases as related, finding as follows:

> [T]he 13 cases Defendants identify as the "claim related set" (see R. 29, Mot. Reassign at 12) are related under Local Rule 40.4(a)(2), because they involve several of the same issues of fact or law. The Court also finds that reassignment is appropriate under Local Rule 40.4(b), because (i) all 13 cases are pending in this District; (ii) the handling of these cases by the same Judge will save considerable judicial resources; (iii) none of the cases have progressed to the point where designating them as related would substantially delay proceedings in any of the cases; and (iv) the cases are susceptible of disposition in a single proceeding.

(Order, ECF No. 39.)

4. This Court ordered that the twelve other cases be reassigned for all purposes to the Court's calendar as related to this action. (*Id.*)

5. On March 4, 2021, Defendants filed a motion to reassign four additional cases that involve factually similar allegations to the reassigned cases and that meet the requirements for reassignment under Local Rule 40.4. (Mot. to Reassign Additional Cases, ECF No. 40.) Plaintiff opposes this motion and has filed a response to Defendants' motion. (Pl.'s Resp., ECF No. 42.) The Court has not requested or ordered a reply brief from Defendants and has not ruled on Defendants' motion as of the filing date of the instant motion.

6. On April 6, 2021, Defendants filed a motion to reassign *Pearson v. Dart*, 21-cv-1521, that involves factually similar allegations to the reassigned cases and that meet the requirements for reassignment under Local Rule 40.4. (Mot. to Reassign Additional Cases, ECF No. 40.) The Court has not requested or ordered a response brief from Plaintiff or a reply brief

from Defendants and has not ruled on Defendants' motion as of the filing date of the instant motion.

7. Since this Court's February 23, 2021, order, counsel for the plaintiffs in the above related cases [collectively, "Related Cases"] filed four additional cases that involve factually similar allegations to the reassigned cases and that meet the requirements for reassignment under Local Rule 40.4. The factually similar cases include (with complaints attached as exhibits):

   a. *Todd v. Dart*, 21-cv-2193 (pending before Judge Charles R. Norgle) [Exhibit A]

   b. *Reitinger v. Dart*, 21-cv-2331 (pending before Judge Rebecca R. Pallmeyer) [Exhibit B]

   c. *Johnson v. Dart*, 21-cv-2468 (pending before Judge John Z. Lee) [Exhibit C]

   d. *Bonner v. Dart*, 21-cv-2474 (pending before Judge Jorge L. Alonso) [Exhibit D]

8. Plaintiffs, Donnell Todd, Salvador Reitinger, Andre Johnson, and Percy Bonner are represented by the same plaintiffs' counsel in the Related Cases.

9. Local Rule 40.4(c) provides that a motion for reassignment based on relatedness may be filed by any party to a case. The motion must be filed in the lowest-numbered case of the claimed related set.

10. Local Rule 40.4(a)(2) provides that two or more civil cases may be related if one or more cases involve some of the same issues of fact or law.

11. While the complaints in *Todd v. Dart*, 21-cv-2193, *Reitinger v. Dart*, 21-cv-2331, *Johnson v. Dart*, 21-cv-2468, and *Bonner v. Dart*, 21-cv-2474, rely on subtle factual distinctions, the complaints are substantially similar factually and legally to the complaints in the Related Cases.

12. Specifically, the complaints allege that Defendant Dart has a practice of restraining detainees in violation of the Fourteenth Amendment. This is the same allegation set forth in the Related Cases. The complaints in *Todd*, *Reitinger*, *Johnson*, and *Bonner* also allege a claim of unconstitutional conditions of confinement based on Defendant Dart's response to the coronavirus. This is the same allegation set forth in the Related Cases, with the exception of four cases that do not include this allegation.

13. Local Rule 40.4(b) provides that a related case may be reassigned to the calendar of the judge assigned to the earlier-numbered case if (1) the cases are pending in this Court; (2) the handling of the cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating later filed cases as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding.

14. *Todd v. Dart*, 21-cv-2193, *Reitinger v. Dart*, 21-cv-2331, *Johnson v. Dart*, 21-cv-2468, and *Bonner v. Dart*, 21-cv-2474, and the Related Cases are pending in the Northern District of Illinois.

15. Reassigning *Todd v. Dart*, 21-cv-2193, *Reitinger v. Dart*, 21-cv-2331, *Johnson v. Dart*, 21-cv-2468, and *Bonner v. Dart*, 21-cv-2474, to this Honorable Court would result in substantial saving of judicial time and effort by allowing these factually and legally similar cases to be heard by one judge as opposed to multiple judges. It is anticipated that the plaintiffs in each of these cases will seek to depose similar, if not identical, witnesses, which will include the same employees of Defendants Dart and Cook County across the cases. It would be inefficient to depose the same witnesses in each related case, especially when the testimony will substantially be the same.

16. The present case has not progressed to the point where designating later filed cases as related would be likely to delay the proceedings in this case substantially. Similar to the present case, the Related Cases are in the very early stages of written discovery.

17. *Todd v. Dart*, 21-cv-2193, *Reitinger v. Dart*, 21-cv-2331, *Johnson v. Dart*, 21-cv-2468, and *Bonner v. Dart*, 21-cv-2474, and the Related Cases are susceptible of disposition in a single proceeding.

18. All the requirements are met for reassignment under Local Rule 40.4.

19. Defense counsel reached out to Plaintiff's counsel to ask whether Plaintiff will agree to this motion, but Plaintiff did not respond to defense counsel's inquiry as of the filing of this motion.

WHEREFORE, Defendants respectfully request that this Honorable Court grant this motion and reassign *Todd v. Dart*, 21-cv-2193, *Reitinger v. Dart*, 21-cv-2331, *Johnson v. Dart*, 21-cv-2468, and *Bonner v. Dart*, 21-cv-2474, to the calendar of this Honorable Court.

Respectfully Submitted,

KIMBERLY M. FOXX
State's Attorney of Cook County

Dated: June 18, 2021

/s/ *Samuel D. Branum*
Special Assistant State's Attorney

Brian P. Gainer (gainerb@jbltd.com)
Monica Burkoth (burkothm@jbltd.com)
Lisa M. McElroy (mcelroyl@jbltd.com)
Samuel D. Branum (branums@jbltd.com)
Johnson & Bell, Ltd.
33 W. Monroe, Ste. 2700
Chicago, Illinois 60603
(312) 372-0770